Filed: 6/30/2022 12:34 PM
Lynne Finley
District Clerk
Collin County, Texas
By Paula Bishop Deputy
Envelope ID: 65929752

219-03329-2022

CAUSE NO. _____

| | | |
|---|---|---|
| **CHUNG CHANG** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **ARVEST CENTRAL MORTGAGE COMPANY,** | § | |
| | § | |
| **Defendant.** | § | **COLLIN COUNTY, TEXAS** |

**PLAINTIFF'S ORIGINAL PETITION, APPLICATION FOR INJUNCTIVE RELIEF, AND REQUEST FOR DISCLOSURES**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Chung Chang ("Plaintiff" herein), filing this Original Petition, Application for Injunctive Relief, and Request for Disclosures complaining of Arvest Central Mortgage Company, ("Defendant" herein) and for causes of action would respectfully show the Court as follows:

**DISCOVERY**

1. Plaintiff intends to conduct discovery under Texas Rules of Civil Procedure 190.3 (Level 2).

**PARTIES**

2. Plaintiff is an individual who resides in Collin County, Texas and may be served with process on the undersigned legal counsel.

3. Arvest Central Mortgage Company is a for profit corporation located in the State of Arkansas which conducts business in Collin County, Texas and may be served with process as follows:

> Arvest Central Mortgage Company
> c/o its registered agent, CT Corporation System



Plaintiff's Original Petition                1

Copy from re:SearchTX

124 West Capitol Avenue, Suite 1900
Little Rock, Arkansas 72201

## JURISDICTION AND VENUE

4. The Court has jurisdiction over Defendant, because this defendant is a foreign entity which conducts business in Collin County, Texas.

5. The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of the Court. Venue is mandatory in Collin County, Texas because all or a substantial part of the events or omissions giving rise to Plaintiff's causes of action occurred in Collin County, Texas thus venue is proper under §15.002(a)(1) of the Texas Civil Practice and Remedies Code.

## RELEVANT FACTS

6. Plaintiff purchased the Property located at 948 Byron Street, Allen, Texas 75013 (the "Property") on or about March 23, 2016. Plaintiff executed a Note in the amount of $370,931 ("Note") as well as a Deed of Trust wherein Pulte Mortgage LLC was listed as the lender ("Deed of Trust"). The Deed of Trust was recorded in the real property records of Collin County, Texas under document 20160324000350180. The Note and Deed of Trust are collectively referred to as the Loan. Upon information and belief, the Loan was assigned to Defendant.

7. Plaintiff fell behind on the mortgage payments and reached out to Defendant for assistance. In October 2021, Defendant offered Plaintiff a trial period payment plan that lead to a loan modification. Plaintiff made three consecutive monthly payments in the amount of $2,867.77 to Defendant.

8. Upon completion of the trial period payments, Defendant then sent Plaintiff a Loan Modification Agreement dated March 1, 2022. Plaintiff promptly signed the Loan Modification Agreement on March 7, 2022, and mailed it back to Defendant on or about March 10, 2022.

Plaintiff also made arrangements with Defendant for the monthly payment to be withdrawn automatically from Plaintiff's bank account.

9. On or about March 22, 2022, a representative from Defendant called Plaintiff to inquire about the status of the Loan Modification Agreement. Plaintiff told Defendant it had been signed and mailed to Defendant. Defendant told Plaintiff it had not received the signed Loan Modification Agreement yet. Defendant told Plaintiff it would email Plaintiff another copy to sign and send back to them. Plaintiff wasn't sure why that was necessary, but said okay.

10. On or about March 23, 2022, Plaintiff had a follow up call with Defendant regarding the Loan Modification Agreement. A representative from Defendant told Plaintiff that it would not be sending the Loan Modification Agreement to Plaintiff to sign and send in again, and that instead Plaintiff would have to fill out a brand new application for a loan modification. Plaintiff told Defendant's representative that is not acceptable, the Loan Modification Agreement was already offered, accepted, signed and mailed to Defendant. Plaintiff requested the Defendant have their lawyer contact Plaintiff's lawyer to make sure that the Loan Modification Agreement issue got straightened out.

11. Defendant did not contact Plaintiff's lawyer to resolve the issues. Instead, Defendant referred the Loan to foreclosure.

12. The Property is currently posted for the July 5, 2022 foreclosure sale date.

13. Plaintiff has suffered severe mental anguish as a result of Defendant's actions, including, but not limited to, loss of sleep, disruption of work and daily life, stressors on her marriage, and strains on relationships with friends and family.

14. Plaintiff has also suffered economic damages, out of pocket expenses, and lost time and earnings. Their credit has suffered and ability to obtain financing or extensions of credit has

been severely impaired.

15. Defendant has failed to send Plaintiff the required notices and has now wrongfully posted the Property for foreclosure sale for July 5, 2022 in violation of the agreements of the parties and in violation of Texas law.

## CLAIMS

### AGENCY & RESPONDEAT SUPERIOR

16. Wherever it is alleged that Defendant did anything, or failed to do anything, it is meant that such conduct was done by Defendant's employees, vice principals, agents, attorneys, and/or affiliated entities, in the normal or routine scope of their authority, or ratified by Defendant, or done with such apparent authority so as to cause Plaintiff to reasonably rely that such conduct was within the scope of their authority. Plaintiff did rely to Plaintiff's detriment on Defendant's representatives being vested with authority for their conduct. Defendant is vicariously liable for the conduct of their employees, vice principals, agents, attorneys, affiliated entities, and representatives of Defendant's affiliated entities by virtue of respondeat superior, apparent authority, and estoppel doctrines.

### FIRST CAUSE OF ACTION: BREACH OF CONTRACT

17. To the extent not inconsistent herewith, Plaintiff incorporates by reference the allegations made above as if set forth fully herein.

18. The actions committed by Defendant constitutes breach of contract because:

    A. There exists a valid, enforceable contract between Plaintiff and Defendant; the Deed of Trust;

    B. Plaintiff has standing to sue for breach of contract;

    C. Plaintiff performed, tendered performance, or was excused from

performing the contractual obligations;

D. Defendant breached their contract by failing to provide default notices to Plaintiff, and not honoring the Loan Modification Agreement; and

E. The breach of contract by Defendant caused Plaintiff's injury – numerous erroneous expenses, overcharges, penalties, and interest on the Loan.

## SECOND CAUSE OF ACTION: COMMON LAW FRAUD

21. To the extent not inconsistent herewith, Plaintiff incorporates by reference the allegations made above as if set forth fully herein.

22. The actions committed by Defendant constitutes common law fraud because Defendant made false and material representations to Plaintiff by, among other things, misstating and misinforming Plaintiff she had been given a Loan Modification Agreement, sent the Modification for Plaintiff's signature, Plaintiff signed and returned the Loan Modification Agreement to Defendant, and then Defendant didn't honor the agreement and instead sent the loan for foreclosure. Defendant knew that the representations were false or made these representations recklessly, as a positive assertion, and without knowledge of its truth. In addition, Defendant made these representations with the intent that Plaintiff act on them and Plaintiff relied on these representations which caused Plaintiff's injury which is described below in the Damages section.

## FOURTH CAUSE OF ACTION: VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

23. To the extent not inconsistent herewith, Plaintiff incorporates by reference the allegations made above as if set forth fully herein.

24. This includes an action for violations of the Texas Debt Collection Act ("TDCA") against Defendants. *See* Tex. Fin. Code §§ 392.001 et seq.

25. Plaintiff is a "consumer" within the meaning of Section 392.001 of the Texas Finance Code, and the debt in question relating to the Property is a "consumer debt" within the meaning of such statute.

26. Defendant is a debt collector. "Debt collection" is defined as the act or practice "in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor." A "debt collector" therefore includes a creditor who is collecting its own debt. *Smith v. Heard*, 980 S.W.2d 693, (Tex. App.—San Antonio, 1998, pet. denied) (A creditor is not excused from following the provisions of the TDCA on the basis that the debt is owed directly to the creditor).

27. The acts, omissions, and conduct of Defendant, as alleged above, herein, and below, constitute violations of the following provisions of the TDCA:

   a. Threatening to take an action prohibited by law, specifically seeking to sell the Property at a foreclosure sale in violation of state law. *See* Tex. Fin. Code §§ 392.301(a)(8).

   b. Using a fraudulent, deceptive, or misleading representation that misrepresent[s] the character, extent, or amount of a consumer debt." Tex. Fin. Code § 392.304(a)(8).

   c. Misrepresenting the status or nature of the services rendered by the debt collector. *See* Tex. Fin. Code § 392.304(a)(14).

   d. Using other false representation or deceptive means to collect a debt. *See* Tex. Fin. Code § 392.304(a)(19).

28. Defendant seeks to sell the Property at a foreclosure sale while at the same time committing fraud and breach of contract, and posting the property in violation of Texas law.

Copy from re:SearchTX

29. Additionally, Defendant made significant types of misrepresentations to Plaintiff about the status of the loan and its own services constituting violations of TDCA Sections 392.304(a)(8), 392.304(a)(19), and 392.304(a)(14).

30. First, Defendant represented to Plaintiff the ability to apply for a loan modification and that Plaintiff had been granted one. Each time this representation was made, it was false, misleading, and deceptive in violation of TDCA Section 392.304(a)(8).

31. Further, Defendants made misrepresentations about the information in the Loan, the amount that was actually due, the status of Plaintiff's Loan, and also the nature of services that Defendant and its representatives could provide to her. Therefore, these misrepresentations also violated TDCA Section 392.304(a)(14).

32. As a result of these violations of the TDCA, Plaintiff is entitled to relief provided by Section 392.403, including but not limited to recovery of all actual damages sustained as a result of violations of the TDCA, all actual direct and indirect economic damages, damages for lost time, damages for mental anguish and emotional distress, damages resulting from payment of excess or additional interest, and any consequential damages. Plaintiff is also entitled to exemplary damages and attorneys' fees. *See* Tex. Fin. Code § 392.403.

### FIFTH CAUSE OF ACTION: BREACH OF DUTY OF COOPERATION

33. To the extent not inconsistent herewith, Plaintiff incorporates by reference the allegations made above as if set forth fully herein.

34. Texas law recognizes a duty to cooperate that "is implied in every contract in which cooperation is necessary for performance of the contract." This duty "requires that a party to a contract may not hinder, prevent, or interfere with another party's ability to perform its duties under the contract." *Case Corp. v. Hi-Class Bus. Sys. of Am., Inc.*, 184 S.W.3d 760, 770 (Tex.

App.—Dallas 2005, pet. denied).

35. As described above, Defendant misled Plaintiff with oral and written representations regarding the Loan, representations that were untrue. Defendant did not provide Plaintiff with the information needed to properly perform the obligations of the Loan. Defendant has therefore breached the implied duty of cooperation. Plaintiff has suffered damages as a result as more fully described in the Damages section below.

### SIXTH CAUSE OF ACTION: NEGLIGENT MISREPRESENTATION

36. To the extent not inconsistent herewith, Plaintiff incorporates by reference the allegations made abover as if set forth fully herein.

37. The elements of a claim for negligent misrepresentation are: (1) the representation is made by a defendant in the course of its business, or in a transaction in which it has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant does not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation. *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991).

38. In the course of their businesses and in a transaction in which it had a pecuniary interest, Defendant misrepresented to Plaintiff that she was being given a Loan Modification Agreement with Defendant. Plaintiff relied on these representations from Defendant and acted accordingly. Defendant then pursued foreclosure against Plaintiff. The information provided by Defendant to Plaintiff was false. At best Defendant supplied this information without exercising reasonable care or competence in their communications with Plaintiff. As a result of relying on Defendant's misrepresentations, Plaintiff has suffered damages as more fully described in the Damages section below.

Plaintiff's Original Petition 8
Copy from re:SearchTX

## DAMAGES:

### ACTUAL DAMAGES

39. Plaintiff is entitled to recover actual damages from Defendant for which Plaintiff pleads in an amount which does not exceed the jurisdictional limits of this Court.

40. Plaintiff faces loss of equity in the Property if Defendant is permitted to foreclose. Plaintiff suffered lost time damages as a direct result of attempting to save the Property and in connection with the threat of foreclosure. Plaintiff also suffered economic damages through payment and expenses incurred and lost time damages, payment of improper fees, expenses, and charges forced by Defendant's misconduct.

41. Further, Plaintiff suffered mental anguish damages in connection with Defendant's violations and threat to foreclose on the Property. Plaintiff's mental anguish caused a substantial disruption in daily routine and job performance. Specifically, the mental anguish caused by the improper conduct, Plaintiff's frustrated efforts to resolve the improper conduct, and the threatened foreclosure sale, interfered with Plaintiff's ability to sleep and perform normal daily activities.

### EXEMPLARY DAMAGES

42. Plaintiff is entitled to recover his exemplary damages from Defendants for which Plaintiff pleads in an amount which does not exceed the jurisdictional limits of this Court. *See Morante v. Am. Gen. Fin. Ctr.*, 157 F.3d 1006, 1011 (5th Cir. 1998); *Enis v. Bank of Am., N.A.*, No. 3:12-CV- 0295-D, 2012 WL 4741073, at *8 (N.D. Tex. Oct. 3, 2012) (Fitzwater, J.).

### ATTORNEYS' FEES

43. Pursuant to Section 392.403 of the Texas Finance Code, Plaintiff is entitled to recover attorneys' fees reasonably related to the amount of work performed and costs, for all actions in the trial court, the Court of Appeals, and the Texas Supreme Court.

Copy from re:SearchTX

44. Plaintiff was forced to employ the undersigned attorneys and has agreed to pay them reasonable attorneys' fees for their services. Plaintiff is entitled to recover reasonable attorneys' fees pursuant to Chapter 38 of the Texas Civil Practices & Remedies Code for which Plaintiff pleads in an amount which does not exceed the jurisdictional limits of this Court.

## CONDITIONS PRECEDENT

45. All conditions precedent to the Plaintiff's right to bring these causes of action have been performed, have occurred, or have been waived.

## REQUEST FOR DISCLOSURES

46. Defendant is hereby requested to disclose to Plaintiff, within 50 days of service of this request, the information and material described in Rule 194 of the Texas Rules of Civil Procedure.

## APPLICATION FOR TEMPORARY RESTRAINING ORDER

47. To the extent not inconsistent herewith, Plaintiff incorporates by reference the allegations made above as if set forth fully herein.

48. Unless Defendant is enjoined, Plaintiff will suffer probable harm which is imminent and irreparable. More specifically, if not enjoined, Defendant may sell the Property at any time during the pendency of this matter thus depriving Plaintiff of ownership of the Property and potentially causing Plaintiff to be dispossessed of the Property. Plaintiff has no adequate remedy at law because the subject matter is real property, and any legal remedy of which Plaintiff may avail himself will not give him as complete, equal, adequate, and final a remedy as the injunctive relief sought in this Application.

49. Therefore, Plaintiff requests that this Court issue a Temporary Restraining Order

and, thereafter, a Temporary Injunction, to restrain Defendant and its agents from selling the real property commonly known as 948 Byron St., Allen, Texas 75013 (the "Property") as well as from taking any legal action to evict Plaintiff and any other occupants from, or enforcing a writ of possession regarding, the aforementioned property.

50. Plaintiff is likely to prevail on the merits of the lawsuit as described above.

51. The granting of the relief requested is not inconsistent with public policy considerations.

## BOND

52. Plaintiff is willing to post a reasonable temporary restraining order bond and requests that the Court set such bond.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that:

A. Defendant be cited to appear and answer herein;

B. The Court conduct a hearing on Plaintiff's Application for Injunctive Relief;

C. A temporary restraining order be issued restraining Defendant, their agents, employees, and legal counsel, and those acting in concert or participation with Defendant who receive actual notice of the Order, by personal service or otherwise, from selling the real property which is the subject matter of this lawsuit and is commonly known as 948 Byron St., Allen, Texas 75013 (the "Property"); and

D. Upon final hearing or trial hereof, the Court order a judgment in favor of Plaintiff against Defendant for Plaintiff's actual damages, exemplary damages, reasonable attorneys' fees, all costs of court, and such other and further relief, both general and

Copy from re:SearchTX

special, at law or in equity, to which Plaintiff may be entitled.

Respectfully submitted,

/s/ Jason A. LeBoeuf
JASON A. LEBOEUF
Texas Bar Number 24032662
LeBoeuf Law Firm, PLLC
675 Town Square Blvd, Suite 200
Building 1A
Garland, Texas 75040
T: (214) 206-7423
F: (214) 730-5944
jason@leboeuflawfirm.com

|  |  |  |
|---|---|---|
| CAUSE NO. _____ | | |
| **CHUNG CHANG** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | \_\_\_\_\_ **JUDICIAL DISTRICT** |
| | § | |
| **ARVEST CENTRAL MORTGAGE COMPANY,** | § § | |
| | § | |
| **Defendant.** | § | **COLLIN COUNTY, TEXAS** |

| | |  |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | KNOW ALL MEN BY THESE PRESENTS: |
| COUNTY OF COLLIN | § | |

## DECLARATION OF CHUNG CHANG

"My name is Chung Chang. I am the Plaintiff in the above-captioned lawsuit. I have read the Plaintiff's Original Petition, Application for Injunctive Relief, and Request for Disclosures to which this Declaration relates and offer this Declaration pursuant to Texas Civil Practice and Remedies Code Title 6, Section 132.001 in support of the statements and arguments asserted therein.

My date of birth is 11/5/1975, and my address is 948 Byron Street, Allen, Texas 75013. I declare under penalty of perjury that the foregoing information is true and correct."

Executed in Collin County, State of Texas, on the 30th day of June 2022.

_____
Chung Chang